IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


WILLIAM JOSEPH LAKE,
    Plaintiff,

vs.                                            Case No: 3:05cv391/LAC/EMT

FAMILY LAW DIVISION, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).  Upon review of Plaintiff's complaint, the court concludes that this case must be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine.

        A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed.Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004).  The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence.  Lovern, 190 F.3d at 653 (citations omitted).  Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure.  *Id.* (citations omitted).  A district court may address its lack of subject matter jurisdiction in two ways:  the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations.  *Id.* (citations omitted).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists.  *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942)).

Plaintiff names two Defendants in this action, the Honorable Kenneth Williams, a judge in the Escambia County Circuit Court, and the Family Law Division of the Escambia County Circuit Court (Doc. 1 at 2). Plaintiff claims that Judge Williams and the Family Law Division violated his right under the Equal Protection Clause by awarding custody of his child to the child's mother based upon Plaintiff's gender. Plaintiff specifically alleges Judge Williams discriminated against him as a father by rejecting a separation agreement executed by the parties which provided that Plaintiff would have custody of the child, and rejecting a "rotating" custody arrangement based upon the child's young age (Doc. 1, Statement of Facts at 2-3). Additionally, he claims Judge Williams violated his due process rights by making evidentiary rulings that prohibited Plaintiff from submitting certain evidence at the custody hearing regarding Plaintiff's wife perjury, "violent dealings" with their child, and false domestic violence claims (*id*. at 3). Plaintiff states he appealed Judge Williams' custody decision to the Florida First District Court of Appeal, but the appeal was dismissed on a procedural technicality (*id*. at 4). Lake v. Shapovalova, 861 So.2d 28 (Fla. 1st DCA 2003) (Table). Plaintiff filed a notice to invoke discretionary jurisdiction with the Florida Supreme Court, which the court construed as a petition for writ of mandamus (Doc. 1, Statement of Facts at 4). Lake v. Shapovalova, 879 So.2d 622 (Fla. 2004), Case No. SC03-2478, Docket entry dated December 29, 2003. The case was dismissed for Plaintiff's failure to comply with an order of the court, specifically, he failed to file an affidavit in support of his motion to proceed in forma pauperis. *Id.*, Docket entry dated June 17, 2004.

As relief, Plaintiff seeks reinstatement of parental custody of his child, payment of psychiatric care for him and his child due to the trauma inflicted on them by Judge Williams' custody decision, $75,000,000.00 in compensatory damages for excessive child support payments, wrongful incarceration (apparently due to contempt for failure to pay child support, see Doc. 1, attached Release Order), legal fees, and "irreparable harm and irreversible loss of those priceless childhood days of our children," reduction of child support payments, an apology from Judge Williams, and creation of a family court separate from the other court divisions and comprised of judges "of good character with a background in family law as well as related areas of study in college" (*id*. at 10-11)

The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983). The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted). However, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983)).

In Staley v. Ledbetter, the Eleventh Circuit held that the Rooker-Feldman doctrine deprived the district court of jurisdiction over a plaintiff's section 1983 claim in which she requested "reinstatement of parental custody and psychiatric care at state expense for her children and herself" based on alleged violation of the Equal Protection and Due Process Clauses. 837 F.2d 1016, 1017 (11th Cir. 1988). The Circuit Court stated that the plaintiff "in essence sought to reverse a state court's child custody determination" and held that:

> [N]o federal subject matter jurisdiction existed in this case. In effect, Staley seeks to challenge collaterally the state agency and court proceedings that terminated her parental rights. The federal courts are not a forum for appealing state court decisions.

*Id.* at 1017-18.

Proper application of the Rooker-Feldman doctrine was very recently clarified by the United States Supreme Court. The Court stated:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., ---U.S. ----, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005) (holding that the doctrine did not apply because the federal suit was filed before the state court judgments were rendered).

In the instant case, Plaintiff was the state court "loser"; he is complaining of injuries caused by a state court judgment; the state court judgment was rendered  prior to commencement of the instant civil rights action; and Plaintiff invites district court review and rejection of that state court judgment.  Additionally, Plaintiff had a reasonable opportunity to raise his constitutional claims in the state courts.  Thus, Plaintiff's challenge to the final state court judgment must be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida this 13th day of December 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:05cv391/LAC/EMT